IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MARSHA G. HUTCHINSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **3:08-CV-51 (CDL)** |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |
| _____ | |

**RECOMMENDATION**

The plaintiff herein filed an application for disability insurance benefits and Supplemental Security Income benefits on August 18, 2004, alleging disability beginning on January 3, 2004. The application was denied initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge, which was held on August 22, 2007.  On October 9, 2007, the ALJ issued a decision that was partially favorable for plaintiff, finding that plaintiff was disabled from January 3, 2004 until January 1, 2006, but that she experienced medical improvement and was able to perform work after that time.  The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner.   The plaintiff subsequently filed an appeal to this court.  Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the

Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education, and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).

Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

   The ALJ determined that plaintiff had a "severe" impairment of residuals of chronic obstructive pulmonary disease, and was disabled during the period of January 3, 2004 through December 31, 2005; however, the ALJ concluded that medical improvement occurred as of January 1, 2006, and therefore plaintiff no longer had a "severe" impairment and was no longer disabled.

    For the period after December 31, 2005, the ALJ applied the specific sequential evaluation process used in determining whether a claimant's disability has ceased (Tr. 15-16, 19-21). See 20 C.F.R. §§ 404.1594(f), 416.994(b)(5). As part of this process, the adjudicator generally considers whether the claimant has experienced medical improvement in her condition. See 20 C.F.R. §§ 404.1594(f)(3), 416.994(b)(5)(ii). Medical improvement is defined as any decrease in the medical severity of the claimant's impairment(s) based on changes in the symptoms, signs, and/or laboratory findings associated with the claimant's impairment(s). See 20 C.F.R. §§ 404.1594(b)(1), (c)(1), 416.994(b)(1)(I), (b)(2)(I); see also 20 C.F.R. §§ 404.1528, 416.928 (defining symptoms, signs, and laboratory findings). If the claimant has experienced medical improvement, the adjudicator must determine if the medical improvement relates to the claimant's ability to work. See 20 C.F.R. §§ 404.1594(f)(4), 416.994(b)(5)(iii). Generally medical improvement relates to a claimant's ability to work if the claimant has had a decrease in the severity of her impairment(s) and her RFC has increased. See 20 C.F.R. § 404.1594(b)(3),

(c)(2), 416.994(b)(1)(iii), (2)(ii). If medical improvement is established and is related to the claimant's ability to work, the adjudicator will decide if the claimant's current impairment(s) is severe. See 20 C.F.R. §§ 404.1594(f)(6), 416.994(b)(5)(v). If the claimant has a severe impairment, the adjudicator then will assess the claimant's current RFC and determine if the claimant can do her past relevant work or other work. See 20 C.F.R. §§ 404.1594(f)(7), (8), 416.994(b)(5)(vi), (vii).

When considering an ALJ's decision to cease a claimant's benefits, the issue is whether substantial evidence supports the ALJ's decision that the claimant's impairment(s) medically improved to the point that she was able to perform substantial gainful activity. See 42 U.S.C. §§ 423(f), 1382c(a)(4).

In March of 2003 the plaintiff was seen at Athens Regional Medical Center three times for various conditions. (Tr.146-160). In April and May of 2003 she was seen at Athens Regional Medical Center for left flank pain and back pain.  (Tr. 136-145). In April of 2004, she was seen in Emergency Department of Jeff Davis Hospital for chest pain. (Tr. 119-127). In December of 2004, a Spirometry was performed at Athens Regional Medical Center. Notes from the exam indicated that the plaintiff was difficult to test, and the records reflect inconsistent results. Handwritten notes indicate "normal spirometry, with borderline low diffusing capacity." (Tr. 129-135).

On February 15, 2005, the plaintiff was hospitalized for two days due to acute bronchitis with acute respiratory failure, and exacerbation of chronic obstructive pulmonary disease. (Tr. 175). She was described as a long-time smoker with "known COPD" who developed wheezing and shortness of breath which did not respond to initial treatment. She was admitted and treated

with improvement over two days, and discharged with medications Advair, Albuterol, Doxycycline, and Ativan. *Id.* The plaintiff had been seen a few days earlier, on February 5, 2006, for chest pain, shortness of breath and fever. (Tr. 237-253). Xrays revealed a few interstitial opacities in the lower thorax, right, which subsequent x-rays showed had cleared. (Tr. 228-231).

On May 10, 2006, the plaintiff was treated for a boil on her abdomen, and other medical history of back pain and COPD were noted. (Tr. 206-212). On September 27, 2006, the plaintiff was in a motor vehicle accident and was treated by Dr. James Hamilton at Habersham County Medical Center over a two day period, with neck, back and chest pain and shortness of breath. (Tr.181-205). She described extreme pain mid-sternum, with cough and tightness. Her respirations were labored, and oxygen was given as well as Atrovent and a concentrated dose of Albuterol. X-rays of the chest on 9-29-06 revealed no signs of acute cardiopulmonary disease. X-rays of the spine revealed straightening of the normal curvature of the cervical spine, with further assessment needed. Hypertrophic changes were observed to the thoracic spine, as well as sacralization of the L5 vertebra. (Tr. 199).

Records from Medlink Georgia demonstrate continued treatment with Advair and Albuterol throughout 2007. (Tr. 256). In May of 2007 the plaintiff was also noted to have a rotator cuff tear; surgery was recommended. (Tr. 257-259). Symptoms are described as numbness and pain, with observed decreased range of motion, including an inability to reach behind. (Tr. 260). X-rays confirmed the presence of a full thickness tear of the rotator cuff, needing surgical repair. (Tr. 264).

Dr. Clark provided an evaluation on July 5, 2005. He reported having seen the plaintiff four to five times over about a five year period. He noted that she suffered from emphysema or

COPD related to cigarette smoking, recurrent lumbar back pain, and depression and anxiety. He listed symptoms of wheezing and shortness of breath, as well as pain, nervousness and depressed mood. Observed clinical findings include inspiratory and expiratory bronchial wheezing. Treatments include Advair and Albuterol, bronchial dilators, with a corticosteroid for the inflammation of the bronchial tubes. She also receives hydrocodone as needed for back pain. (Tr. 170). The doctor confirmed that the plaintiff's condition had lasted or was expected to last more than twelve months. Id.

The record, however, does not indicate that Plaintiff saw Dr. Clark after February 2005 or that she sought treatment for her COPD or any other condition during the remainder of 2005. Plaintiff did not seek further treatment until May 2006, when she complained of a boil on her abdomen (Tr. 206-12). The examiner noted a history of COPD, but Plaintiff apparently had no respiratory complaints or abnormalities on examination (Tr. 206). Plaintiff did not receive further medical care until September 2006, after she was in a motor vehicle accident (Tr. 181-205). Plaintiff complained of neck pain, back, pain, chest pain, and shortness of breath, but examination findings and diagnostic studies were basically normal (Tr. 181, 185-86, 192, 196, 199-200, 201, 204-05). The examiners noted Plaintiff's history of COPD and one examiner indicated she had some rhonchi and wheezes, but another examiner noted no respiratory abnormalities, and no examiner indicated Plaintiff had any other noteworthy findings (Tr. 181, 185-86, 196, 204-05). Plaintiff's chest pain and other complaints were attributed to the accident, and although she received some respiratory treatment, the notes do not indicate she had significant respiratory abnormalities (Tr. 181, 185-86, 196, 204-05).

Plaintiff failure to seek treatment after February 2005 undermines her allegations of disabling limitations and provides substantial evidence that she did not have a severe impairment after December 31, 2005. See 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v); Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996); Watson v. Heckler, 738 F.2d 1169, 1173 (11th Cir. 1984). The minimal clinical findings indicate Plaintiff's COPD had improved as of January 1, 2006, to the point she no longer had a severe impairment. See 20 C.F.R. §§ 404.1528, 404.1594(f)(6), 416.928, 416.994(b)(5)(v).

The medical records regarding Plaintiff's shoulder and other complaints in 2007 do not indicate that she had respiratory complaints or abnormalities on examination, which provides further evidence that her COPD had improved and was no longer a severe impairment (Tr. 257-61).

The ALJ concluded that plaintiff was not completely credible regarding her impairments, as she worked during 2006 and earned over $10,000. See 20 C.F.R. §§ 404.1574(b)(2), 404.1575(a)(2), (c)(2)(I), (d)(5), 416.974(b)(2), 416.975(a)(2), (c)(1), (d)(5). Even if Plaintiff's work activity did not rise to the level of substantial gainful activity, her work activity provides further evidence that she did not have a severe impairment after December 31, 2006. See 20 C.F.R. §§ 404.1529(c)(3)(I), 404.1571, 416.929(c)(3)(I), 416.971; Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987); see also Melton v. Apfel, 181 F.3d 939, 941 (8th Cir. 1999) (noting the claimant's part-time work after his alleged onset date as evidence undermining his subjective complaints); Tyra v. Sec'y of Health & Human Servs., 896 F.2d 1024, 1029 (6th Cir. 1990) ("Furthermore, any work done during a period of claimed disability may show that a claimant can engage in substantial gainful activity.").

The ALJ also noted that while the plaintiff claimed that she cannot read or comprehend what she reads, plaintiff's daughter testified that plaintiff worked for her for two months in 2006 and reportedly prepared both of their tax returns. (Tr. 20-21). The ALJ also noted that there were no significant exertional or non-exertional work related limitations given to plaintiff by a medical provider regarding this period of time that would preclude the plaintiff's ability to work. (Tr. 21).

Upon review, the undersigned may not re-weigh the evidence. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 30th day of July, 2009.

                                                      //S Richard L. Hodge
                                                     RICHARD L. HODGE
msd                                           UNITED STATES MAGISTRATE JUDGE